IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRYSTAL WELCH a/k/a CRYSTAL DANIELS, | : | Civil Action File No. |
| | : | |
| Plaintiff, | : | |
| | : | Jury Trial Demanded |
| vs. | : | |
| | : | |
| EXCELLENT MONTESSORI, INC., | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Crystal Welch a/k/a Crystal Daniels ("Ms. Welch"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Excellent Montessori, Inc. ("Excellent") and shows the Court as follows:

## INTRODUCTION

This is an FLSA case. Plaintiff brings this action because Defendant failed to pay her at one and one half times her regular rate of pay for all hours she worked in excess of forty hours during each work week. In addition, when Defendant engaged her in employer as to the requirements of the FLSA, she was fired.

2.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract; (2) quantum meruit; and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Ms. Welch's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Excellent is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## The Parties

6.

Ms. Welch resides in Rockdale County, Georgia.

7.

Excellent employed Ms. Welch as a Lead Teacher in and around Lithonia, Georgia from September 15, 2014 until February 25, 2015.

8.

At all times material hereto, Ms. Welch has been an "employee" of Excellent as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Excellent is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Excellent has been an "employer" of Ms. Welch as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Excellent is subject to the personal jurisdiction of this Court.

12.

Excellent receives in excess of ten thousand dollars $10,000 in funds from the United States Government or its federal agencies.

13.

Excellent may be served with process through its registered agent Enchante Sanders located at 1828 Stephenson Road, Lithonia, Georgia 30058.

## II.   FACTUAL ALLEGATIONS

14.

From on or about September 15, 2014 until February 25, 2015, Ms. Welch has been "engaged in commerce" as an employee of Excellent as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

From on or about September 15, 2014 until February 25, 2015, Excellent was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2014, Excellent had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2015, Excellent had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

At all times relevant, two or more employees of Excellent handled goods that had moved in commerce including food stuffs, office equipment, teaching supplies and classroom supplies.

19.

During 2014, Excellent had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, Excellent had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Excellent had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Excellent had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Excellent has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

At all times material hereto, Ms. Welch was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Excellent did not employ Ms. Welch in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Excellent did not employ Ms. Welch in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Excellent did not employ Ms. Welch in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Excellent did not employ Ms. Welch in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

29.

When Excellent hired Ms. Welch, she was told that her schedule would be 9:00 a.m. until 6:00 p.m.

30.

From approximately September 15, 2014 through December 1, 2014, Plaintiff regularly worked from 7:00 a.m. through 6:30 p.m.

31.

From approximately December 2, 2014 through January 31, 2015, Plaintiff regularly worked from 8:00 a.m. through 6:30 p.m.

28.

Excellent failed to pay Ms. Welch for all hours that she worked.

29.

During her employment with Defendant, Excellent requested that Ms. Welch perform work related duties such as assisting with the children and serving breakfast prior to clocking in to work in the morning.

30.

Said duties are incompatible with any teaching exemption to the maximum hour requirements of the FLSA.

31.

During her employment with Excellent, Excellent regularly and customarily undercounted the number of hours that Ms. Welch actually worked.

32.

During her employment with Excellent, Excellent required Ms. Welch to attend a teaching conference held at Gwinnett Center on a Friday and Saturday.

33.

Excellent failed to compensate Ms. Welch at all for attending a teaching conference held at Gwinnett Center on a Friday and Saturday.

34.

On or about February 21, 2015, Excellent required that Ms. Welch attend a fire training course.

35.

Excellent failed and refused to compensate Ms. Welch for all the hours that she worked attending a fire training course on February 21, 2015.

## COUNT I — FAILURE TO PAY OVERTIME

34.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

35.

At all times material hereto, Ms. Welch has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

36.

During her employment with Defendant, Ms. Welch regularly worked in excess of forty (40) hours each week.

37.

Defendant failed to pay Ms. Welch at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 15, 2014 through January 31, 2015.

38.

Defendants willfully failed to pay Ms. Welch at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 15, 2014 through January 31, 2015.

39.

Ms. Welch is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Ms. Welch is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

41.

As a result of the underpayment of overtime compensation as alleged above, Ms. Welch is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – ILLEGAL RETALIATION

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

In or about January 2015, Ms. Welch had a series of conversations with Joy Sanders in which she complained that she had been working overtime and had not been paid overtime.

44.

Joy Sanders failed to address or correct Defendant's practices giving rise to Ms. Welch's complaints regarding unpaid overtime.

45.

In or about January 2015, Ms. Welch had a conversation with Enchante Sanders in which she complained that she had been working overtime and had not been paid overtime.

46.

Ms. Welch s complaints as set forth in Paragraphs 43 and 45 above constituted protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

47.

On or about February 1, 2015, in retaliation for Ms. Welch's protected activities, Defendant reduced Ms. Welch's working hours so that she was working less than 40 hours in each work week, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

48.

On or about February 25, 2015, in retaliation for Ms. Welch's protected activities, Defendant terminated Ms. Welch's employment, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

49.

As a direct and foreseeable result of Defendant unlawful retaliation, Ms. Welch has suffered loss of employment, loss of income, loss of retirement and healthcare benefits in an amount to be proven at trial.

50.

Ms. Welch is entitled to liquidated damages in addition to the damages set forth in Paragraph 41, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendant have willfully and repeatedly violated the FLSA.

51.

Defendant is indebted to Ms. Welch for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## COUNT III - BREACH OF CONTRACT

52.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

53.

Ms. Welch and Excellent were parties to a contract of employment (hereafter "the Contract") from on or about September 15, 2014 through February 25, 2015.

54.

The Contract provided that Excellent would pay Ms. Welch for all work that Ms. Welch performed on behalf of and for the benefit of Defendant.

55.

Excellent's failure to pay Ms. Welch for all hours she worked constitutes a material breach of the Contract.

56.

Excellent's failure to pay Ms. Welch for attending a teaching conference as set forth above constitutes a material breach of the Contract.

57.

Excellent's failure to pay Ms. Welch for attending a fire training course on or about February 21, 2015 as set forth above constitutes a material breach of the Contract.

58.

As the direct and foreseeable result of this breach, Ms. Welch has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT

59.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

60.

From on or about September 15, 2014 through February 25, 2015, Ms. Welch served as a Lead Teacher for Excellent.

61.

Ms. Welch's service as a Lead Teacher for Excellent as described above was valuable to Excellent.

62.

Excellent requested Ms. Welch's service as a Lead Teacher.

63.

Excellent knowingly accepted Ms. Welch's service as a Lead Teacher.

64.

Defendant's acceptance and receipt of Ms. Welch's services as a Lead Teacher for Excellent without compensation would be unjust.

65.

Ms. Welch reasonably expected to be compensated at the time she provided her services as a Lead Teacher.

66.

Ms. Welch is entitled to a recover from Excellent the reasonable value of the services she provided as a Lead Teacher for Excellent, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL

67.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

68.

On September 15, 2014, Excellent promised to pay Ms. Welch in return for Plaintiff's service as a Lead Teacher for them.

69.

Excellent should have reasonably expected that Ms. Welch would induce action in reliance of said promise, i.e., serve as a Lead Teacher for Excellent.

70.

Excellent promise induced Ms. Welch to act in reliance thereof, i.e., to serve as a Lead Teacher for Excellent, to her detriment.

71.

Ms. Welch's service as a Lead Teacher for Excellent conferred a benefit on Excellent.

72.

Excellent failed to pay Ms. Welch in accordance with their promise.

73.

Ms. Welch relied on Excellent's promise.

74.

Ms. Welch's reliance on Excellent's promise to pay her for such services was reasonable.

75.

Substantial injustice can be avoided only by enforcement of Excellent's promise.

76.

Ms. Welch is entitled to a recover from Excellent the reasonable value of the services she provided as a Lead Teacher for Excellent, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded compensatory damages including lost wages and retirement and healthcare against Defendant in an amount to be determined at trial; plus an additional like amount in liquidated damages, plus Plaintiff s reasonable attorney's fees and costs;

4. That the Court order Defendant to reinstate Plaintiff to her former position or provide Plaintiff with front pay in lieu of reinstatement;

5. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

6. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendant; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303          /S/ MICHAEL A. CALDWELL
(404) 979-3171                  MICHAEL A. CALDWELL
(404) 979-3170 (f)              GA. BAR NO. 102775
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com
                                /S/ CHARLES R. BRIDGERS
                                CHARLES R. BRIDGERS
                                GA. BAR NO. 080791


                                COUNSEL FOR PLAINTIFF